**Blaze Construction, Inc., a Blackfeet Charter Corporation,**
**and**
**Sun All, Inc., an Oregon Corporation,**
**Plaintiffs/Appellants,**
v.
**The Navajo Tax Commission, The Navajo Nation,**
**Joe Shirley Jr., Victor Joe, Derrick S. Watchman,**
**Elroy Drake, "Jane/John Doe" and Steven C. Begay,**
**Defendants/Appellees.**
**Decided September 3, 1997**

## OPINION

Before YAZZIE, Chief Justice, CADMAN and *MORRIS (*sitting by designation), Associate Justices.

Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellants; and Herb Yazzie, Esq., and Marcelino Gomez, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellees.

Opinion delivered by YAZZIE, Chief Justice.

The issue before this Court is whether the Window Rock District Court properly dismissed the Blaze Construction, Inc. and Sun All, Inc. (collectively "Blaze") complaint. Blaze sued the Navajo Tax Commission, the members and executive director of the Navajo Tax Commission, and the Navajo Nation (collectively "Commission") for denial of equal protection and due process rights. The Commission filed a motion to dismiss, which the district court granted, and this appeal followed. The issues are: 1) whether the Uniform Tax Administration Statute barred the district court from hearing Appellants' claims; and 2) whether Appellants' claims were exempt from the rule requiring exhaustion of administrative remedies. We will not address the issues of whether the Navajo Nation Sovereign Immunity Act barred Blaze's claims and whether Blaze had a contractual obligation to resolve its dispute through a Commission hearing officer. We affirm the district court's dismissal.

# I

Blaze built roads on the Navajo Nation between 1986 and 1988. In 1989, the Commission issued Notices of Assessment and Demands for Payment to Blaze for its road construction activities based on the Navajo Business Activity Tax ("BAT"). 24 N.N.C. §§ 401-445 (1995) (partially repealed 1995). In September 1989, Blaze appealed the BAT assessment to the Commission.

Before the Commission made a final decision on Blaze's appeal, Blaze filed suit in district court. In its district court suit and appeal to the Commission, Blaze alleged two instances when the Commission violated its equal protection and due process rights. The first claim stemmed from Blaze's tax settlement offer to the Commission, which was rejected. Blaze alleged the Commission had settled comparable cases with other taxpayers for less favorable terms. Moreover, Blaze argued that the Commission refused to settle the case because of an actual bias and prejudice toward Blaze.

With its second claim, Blaze asserted that the Commission unfairly assessed Blaze a BAT when the Commission exempted the Navajo Engineering and Construction Authority ("NECA") from the tax. NECA is an enterprise of the Navajo Nation engaged in road construction activities comparable to Blaze. 5 N.N.C. §§ 1971-1981 (1995). Enterprises of the Navajo Nation are exempt from taxation. 24 N.N.C. § 408(A) (1995). Blaze claims discrimination because Blaze and NECA are competitors in road construction bidding and NECA is exempt from the BAT.

On February 14, 1995, a hearing officer issued a decision on Blaze's second claim. The hearing officer held that NECA was properly exempted from the BAT based on the clear language of the Navajo Nation Code. The hearing officer found that "the Navajo Tax Commission is not free to determine that a statutory provision granting an exemption to enterprises owned by the Navajo Nation should not be followed by the [Commission]." Commission Decision at 6 (February 14, 1995).

Blaze filed an amended complaint in the district court in April 1996. In the amended complaint, Blaze sought an injunction to force the Commission to accept its settlement offer. Blaze also sought a declaratory judgment on the Commission's practice of assessing Blaze a BAT for road construction activities yet exempting NECA for similar construction activities.

In May 1996, the Commission filed a motion to dismiss based on: 1) the statutory appeal procedure for tax assessments; 2) the exhaustion doctrine; 3) the discretionary clause of the Navajo Nation Sovereign Immunity Act (1 N.N.C. § 554(F)(4)(a)(1995)); and 4) a contractual agreement requiring Blaze to bring all disputes to the Commission. The district court granted the motion to dismiss ruling that the Commission had the discretion to resolve Blaze's claims. Blaze appeals.

The Commission has since issued a final judgment on Blaze's appeal of its

BAT assessment. While Blaze appealed that decision to this Court, that case is independent of the issues we address today.

## II

### A. The Uniform Tax Administration Statute

If Blaze's equal protection and due process claims fall within the scope of the Uniform Tax Administration Statute ("UTAS"), then Blaze must follow the procedures outlined in that statute. The Navajo Nation Council enacted the UTAS in 1995. The UTAS replaced the tax sections of the Navajo Nation Code and attempted "to provide statutory rules applicable to all of the taxes imposed by the Navajo Nation." UTAS § 102 (1995). The old BAT appeal procedures listed at 24 N.N.C. § 434 (1995) were replaced by the procedures of the UTAS. The language of the two statutes is nearly identical. Because the Navajo Nation Council adopted the UTAS in 1995, before Blaze filed its complaint in 1996, the UTAS is the law that governs this decision.

The UTAS provides a specific procedure for "[a]ppeals from assessments, denials of refund, or other adverse action." UTAS § 131 (1995). The UTAS states:

> (a) Appeals from assessments, denials of refund, or other adverse action shall be made first to the Office of the Navajo Tax Commission according to procedures established in regulations; these procedures shall also apply to any challenges to the validity of the Code....

> (b) Appeals from final actions of the highest level of administrative review shall be made only to the Supreme Court of the Navajo Nation, according to procedures established in regulations, but in no case may an appeal of an assessment be taken to the Supreme Court until payment of the taxes assessed has first been made.

*Id.*

In 1989, the Commission assessed Blaze a BAT. In its complaint, Blaze asserted two instances of being discriminated against: 1) when the Commission rejected its assessment settlement offer; and 2) when the Commission did not assess a BAT on NECA. These two claims stem from a BAT assessment dispute and question the fairness of Blaze's BAT assessment. They fall within section 131 of the UTAS. Thus, when Blaze filed suit in district court on its two claims, it essentially appealed the Commission's ruling to the courts and that is not permitted by the tax code. The Navajo Nation Council established a clear procedure for tax appeals and Blaze must follow those statutory procedures. UTAS § 131. Those procedures require, first, a final decision from the Commission, and then an appeal to this Court.

The UTAS anti-injunction section further bars Blaze from bringing a suit in the district court that would impede "the assessment or collection of the taxes." UTAS § 128 (1995). The UTAS anti-injunction section states:

> No suits for the purpose of restraining the assessment or collection of the taxes imposed under the Code shall be maintained in any court by any person, whether or not such person is the person against whom such taxes were assessed. All actions concerning the application of the Code shall be brought pursuant to § 131.

*Id.* In its amended complaint, Blaze asked the district court to force the Commission to accept Blaze's BAT settlement offer. Blaze also requested the district court to prevent the Commission from collecting Blaze's BAT until NECA was assessed a BAT. These reliefs, if granted, would restrain the Commission's collection of Blaze's BAT. Section 128 does not permit interference with the Commission's collection of taxes.

Our interpretation of the UTAS anti-injunction section is consistent with *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). In that case, the United States Supreme Court interpreted the anti-injunction language of the Internal Revenue Code, Section 7421(a) (1954), which was identical to the language of the UTAS. The Supreme Court found that the statute "withdr[e]w jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Id.* at 5. Accordingly, because Blaze's requested relief would restrain the Commission's collection of the BAT, the district court properly dismissed Blaze's claims.

## B. The Exhaustion Doctrine

The UTAS provides a clear procedure for tax appeals. While the UTAS prevents Blaze from bringing its equal protection and due process claims to district court, this Court recognizes exceptions to exhausting administrative remedies. In *Navajo Skill Center v. Benally*, 5 Nav. R. 93 (1986), we explained the reasoning behind the exhaustion doctrine and provided four exceptions to the doctrine.

> Exhaustion of administrative remedies is the concept that the agency should complete its procedures before the courts interfere. The exhaustion doctrine is very sound and ultimately serves the interests of judicial efficiency and economy. The exhaustion doctrine prevents the courts from interfering until the administrative process has been concluded. This process has been committed to the administrative body by the legislature and it should be permitted to run its course. This doctrine also requires parties to attempt to redress their grievance without resorting to the courts. Lastly, the exhaustion doctrine helps prevent confusion between the courts and the administrative bodies which would arise if a party were able to seek relief in two different forums.
>
> Generally, exhaustion will not be required:
> 1) When the administrative remedy is inadequate. Inadequacy may include unreasonable delay of agency action, inability of the agency to come to a decision, or lack of authority to grant the relief to which the party is entitled.
> 2) When the complainant will suffer irreparable injury if required to exhaust administrative remedies.

3) When the agency is clearly acting or attempting to act in excess of its authority.

4) When pursuing the administrative process would be futile such as when an agency indicates that it will not consider a party's challenges to its past policies or decisions, which are of questionable legality.

*Id.* at 96-97.

In *Navajo Skill Center*, we discussed whether the district court had jurisdiction to review the Navajo Skill Center's firing of an employee before she had exhausted her administrative remedies. We held that the district court lacked jurisdiction over the employee's due process and civil rights claims because she could still seek relief through the employee grievance process. *Id.* at 97.

Blaze points to the following language in the Commission hearing officer's decision as proof that its equal protection and due process claims fall under the first and fourth *Navajo Skill Center* exceptions to the exhaustion doctrine:

It is sufficient to say that the [Commission] has followed the C-BAT statute which allowed this exemption. The [Commission] must apply the tax laws as enacted by the Navajo Nation Council; in the absence of some guidance from the Navajo Nation Supreme Court on the interpretation of those laws or some direction from the Navajo Nation Council itself. The Navajo Tax Commission is not free to determine that a statutory provision granting an exemption to enterprises owned by the Navajo Nation should not be followed by the [Commission].

Commission Decision at 6 (February 14, 1995). Blaze argues that this statement demonstrates the Commission lacked the authority and willingness to address the discrimination issue and, therefore, the district court was the only appropriate forum.

We conclude that Blaze's equal protection and due process claims do not fall within the *Navajo Skill Center* exceptions. The hearing officer's decision does not state a lack of authority to address Blaze's claims, but suggests the Commission must follow the law absent direction from this Court or the Navajo Nation Council. Furthermore, the facts in this case are similar to those of *Navajo Skill Center*. In that case, we held that the employee could not bring her due process and civil rights claims to district court because she failed to exhaust her remedies through the grievance procedure. Similarly, Blaze's equal protection and due process claims stem from an administrative process governed by a statute. Therefore, Blaze must exhaust its remedies through the administrative process.

Finally, the UTAS contains an administrative remedy for tax appeals and provides a procedure for judicial review of the final administrative decision. After a final decision is reached, the taxpayer may appeal to this Court. Blaze is not allowed to by-pass the statutory procedure because of an adverse decision.

# III

We affirm the decision of the Window Rock District Court dismissing Blaze's equal protection and due process claims.